UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION–BAY CITY

In re:

MICHAEL B. WHITE and
DARLA K. WHITE,   Case No. 13-21977

    Debtors.   Chapter 7
       Hon. Daniel S. Opperman
_____/

MICHAEL B. WHITE,

    Plaintiff,

v.   Adv. Proc. No. 17-2024

COLLENE K. CORCORAN,
Chapter 7 Trustee,

    Defendant.
_____/

## OPINION REGARDING DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

### Facts

This adversary proceeding was filed by Michael B. White, Debtor in this Chapter 7 proceeding against Collene K. Corcoran, the Chapter 7 Trustee in his bankruptcy case. Plaintiff seeks to recover monies connected with real property located at 11255 Block Road, Birch Run, Michigan. Specifically, Plaintiff seeks: $5,250 in rents recovered by the Trustee, $7,500 in costs incurred by him for allegedly maintaining the real property, $4,500 to allegedly make the property inhabitable, and $2,000 for actual damages connected with his lost time from work.

1

In lieu of filing an answer to Plaintiff's Complaint, Defendant filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6),[1] arguing first that if Plaintiff is suing her as an individual, and not in her capacity as Chapter 7 Trustee, such must be dismissed as the actions complained of by Plaintiff all were in her duties as the Chapter 7 Trustee. Next, Defendant asserts that any actions complained of are protected by her quasi-judicial immunity as a bankruptcy trustee acting within the scope of her duties and that the Complaint was filed to harass and intimidate her in the performance of her duties in administering the estate. Defendant requests sanctions in the amount of $2,500.00, and $500.00 in attorney fees for Plaintiff "filing this frivolous complaint.".

Plaintiff filed a "Cross-Motion" for Summary Judgment combined with his response to the Defendant's Motion to Dismiss, to which the Defendant responded. The Defendant responds that if her Motion to Dismiss is not granted for the reasons argued, summary judgment is not appropriate as the allegations in Plaintiff's Complaint are disputed factually.

Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157(a) and E.D. Mich. LR 83.50. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

Law

Standard for Motion to Dismiss - Failure to State a Claim

Federal Rule of Civil Procedure 12(b) states:

---

[1] Made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 9024.

2

17-02024-dob    Doc 21    Filed 09/29/17    Entered 09/29/17 12:13:49    Page 2 of 7

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in a responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19. A motion making any of these defenses shall be made before pleading if a further pleading is permitted.

A motion brought under Fed. R. Civ. P. 12(b)(6) tests the "sufficiency of [a] complaint." *Conley v. Gibson*, 351 U.S. 41, 46 (1957). A court is asked "to examine the plaintiff's allegations and determine whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635,638 (6th Cir. 1993). "A court considering a motion to dismiss under Rule 12(b)(6) 'must accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff.'" *Benzon v. Morgan Stanley Distributors*, 420 F.3d 598, 605 (6th Cir. 2005)(*quoting Inge v. Rock. Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002)(*citing Turker* v. *Ohio Dep't of Rehab. & Corr.*, 157 3d 453, 456 (6th Cir. 1998))). If "an allegation is capable of more than one inference, it must be construed in the plaintiff's favor." *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1120, 1138 (6th Cir. 1995). "While this standard is decidedly liberal, it requires more than a bare assertion of legal conclusions." *Andrews v. State of Ohio*, 104 F.3d 803, 806 (6th Cir. 1997)(*quoting Allard v. Weitzman* (*In re Delorean Motor Co.*), 991 F.2d 1236, 1240 (6th Cir. 1993)(emphasis in original)). Under "the Federal Rules of Civil Procedure, a plaintiff is required to provide a 'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 351 U.S. at 47. "In practice, a . . . complaint must contain either direct or inferential allegations

3

respecting all the material elements to sustain a recovery under *some* viable legal theory." *Andrews v. State of Ohio*, 104 F.3d at 806 (*quoting In re Delorean Motor Co.*, 991 F.2d at 1240).

In *Bell Atlantic Corp., v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007), the United States Supreme Court revisited the standards that govern Civil Rule 12(b)(6) dismissal motions. In doing so, the Supreme Court in *Twombly* reaffirmed the "notice pleading" standard of Rule 8(a)(2) but renounced "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 550 U.S. at 560-61 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). As explained by the Court in *Twombly*,

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]". . . While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] . . . Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]

*Bell Atlantic Corp. v. Twombly*, 550 U.S. at 553-55 (citations omitted). The *Twombly* court went on to

> hold that stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest [grounds for relief]. Asking for plausible grounds to infer [a right to relief] does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence [of an entitlement to relief]. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. at 553-55 (citations omitted). *See also Erickson v.*

*Pardus*, 551 U.S. 89, 127 S.Ct. 2197 (2007) (explaining that Fed.R.Civ.P. 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary[.]")).

The Supreme Court later examined *Twombly* in the case of *Ashcroft v. Iqbal*, 556 U.S.662 (2009). In *Iqbal*, the Supreme Court held that *Twombly* applies to all civil actions and is not limited to antitrust disputes only as was the case in *Twombly*. *Iqbal*, 556 U.S. 684. The *Iqbal* Court further defined two "working principles underl[ying its] decision in *Twombly*:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not "show[n]" – "that the pleader is entitled to relief."

*Iqbal*, 556 U.S. at 678-79 (citations omitted).

Bankruptcy Trustee's Quasi-Judicial Immunity

Bankruptcy trustees are entitled to quasi-judicial immunity from actions brought by third parties for actions taken in his or her official capacity as Trustee. *Grant, Konvalinka & Harrison, PC v. Banks (In re McKenzie)*, 716 F.3d 404, 413 (6th Cir. 2013). "'A banrkuptcy trustee is liable personally only for acts willfully and deliberately in violation of his fiduciary duties.'" *Id*. (quoting *Ford Motor Credit Co. v. Weaver*, 680 F.3d 451, 462 (6th Cir. 1982)). The most common situations in which the bankruptcy trustee was entitled to quasi-judicial immunity

5

are conservation of the assets of the bankruptcy estate. *See, e.g., Kashani v. Fulton (In re Kashani)*, 190 B.R. 875, 883 (B.A.P. 9th Cir. 1995).

Analysis and Conclusion

First, the Court addresses the various actions complained of by Plaintiff that are within the scope of the duties and responsibilities of a Chapter 7 trustee in administering assets of the bankruptcy estate, including the sale of property and collection of rents. Any such allegation that Collene Corcoran is liable personally is dismissed as all complained of actions are within the scope of Ms. Corcoran's duties as a Chapter 7 Trustee.

Second, the Court has closely and carefully reviewed Plaintiff's Complaint. All of actions complained of by Plaintiff fall within the scope of the authority and discretion of Chapter 7 trustees and were within Defendant's duties as the Chapter 7 Trustee. While Plaintiff may not agree with the outcome of Defendant's execution of her duties, Defendant is shielded from suit under the quasi-judicial immunity granted bankruptcy trustees. Finding no "plausible" claim here, the Court concludes that Plaintiff has failed to state a claim upon which relief can be granted.

Third, to ensure no loose ends remain in this matter, the Court concludes that Plaintiff's Motion for Summary Judgment would not be granted. Federal Rule of Bankruptcy Procedure 7056(c) provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Choate v. Landis Tool Co.*, 46 F. Supp. 774 (E.D. Mich. 1980). The moving party bears the burden of showing the absence of a genuine issue of material fact as to an essential

element of the non-moving party's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Assuming, for sake of argument, that this case survived Defendant's Motion to Dismiss, the allegations in Plaintiff's Complaint are fraught with genuine issues of fact, making summary judgment inappropriate.

## Conclusion

For these reasons, the Court concludes that Defendant's Motion to Dismiss is granted pursuant to Rule 16(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff's Cross-Motion for Summary Judgment is denied as moot. The Court will enter an appropriate order.

**Not for Publication**

**Signed on September 29, 2017**



/s/ Daniel S. Opperman
**Daniel S. Opperman**
**United States Bankruptcy Judge**